IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY GOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2967-M-BN |
| | § | |
| PROF-2013-S3 LEGAL TITLE TRUST | § | |
| IV, BY U.S. BANK NATIONAL | § | |
| ASSOCIATION, AS LEGAL TITLE | § | |
| TRUSTEE, FAY SERVICING, LLC, | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION, ARIS COOK, and | § | |
| COUCH ENTERPRISES, LP, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Anthony Good has filed a Motion to Remand. *See* Dkt. No. 12. Defendants Fay Servicing, LLC ("Fay Servicing"), Prof-2013-S3 Legal Title Trust IV, by U.S. Bank, National Association, Trustee ("U.S. Bank"), Wells Fargo Bank, N.A. ("Wells Fargo"), Couch Enterprises, LP ("Couch"), and Aris Cook filed responses in opposition. *See* Dkt. Nos. 22, 23, & 24.

Good has not filed a reply, and his time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(f).

For the reasons explained below, the Court should deny Plaintiff Anthony Good's Motion to Remand [Dkt. No. 12].

**Background**

Good filed Plaintiff's Original Petition in state court, asserting claims against Wells Fargo, Fay Servicing, and U.S. Bank for violating both the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 & 2605, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et seq.*, as well as for wrongful foreclosure and/or suit to set aside trustee's deed and negligent misrepresentation. He also asserted claims against Couch for suit to quiet title and trespass to try title and alleged that he joined Cook as a necessary party. *See* Dkt. No. 1-7.

Wells Fargo removed the case under 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, with the written consent of Fay Servicing, U.S. Bank, Couch, and Cook. *See* Dkt. Nos. 1, 1-4, 1-5, & 1-6. Wells Fargo asserts that this Court has federal question subject-matter jurisdiction because Good alleges a violation of RESPA, which "expressly grants this Court original jurisdiction to hear such a claim," such that Good "alleges violations of federal law, and his right to relief will necessarily depend upon the resolution of federal law." *Id.* at 4.

Good moves to remand because "Congress never provided federal courts with exclusive jurisdiction over RESPA claims" and "has instead expressly provided for concurrent jurisdiction in state courts for claims under 12 U.S.C. § 2605" and, "[m]oreover, because Good's claims arise out of an attempted, improper foreclosure – an issue traditionally better suited for state court proceedings, the case is tailor-made

for remand under the abstention doctrine, thereby allowing a Texas state court to properly adjudicate the wrongful foreclosure of Texas real property." Dkt. No. 12 at 2.

## Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

"[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Hot-Hed*, 477 F.3d at 323 (quoting *Carpenter*, 44 F.3d at 366).

## Analysis

I. <u>The Court has federal question jurisdiction.</u>

Good's state-court petition alleges a violation of RESPA, a federal statute. *See* Dkt. No. 1-7. And RESPA provides that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614. "On its face, therefore, [Plaintiff's Original Petition] states a claim arising under federal law over which federal district courts have original jurisdiction." *Johnson v. Calpine Corp.*, No. Civ. A. 02-2242, 2002 WL 31640484, at *1 (E.D. La. Nov. 20, 2002).

The fact that Congress provided for the concurrent jurisdiction of state courts does not divest this Court of jurisdiction on removal because "a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction." *Id.* As here, "when federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction under § 1331," and "[t]hat principle endures unless Congress divests federal courts of their § 1331 adjudicatory authority." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012) (footnote omitted).

"That concurrent jurisdiction exists between federal and state courts to hear [RESPA] claims in no way precludes a defendant from removing such an action from state court to federal court. As Congress has not prohibited such removals, a defendant

has the right to remove [RESPA] claims, notwithstanding the existence of concurrent jurisdiction." *Mercado v. Pyramid Consulting, Inc.*, No. 3:13-cv-608-L, 2013 WL 2367770, at *1 (N.D. Tex. May 30, 2013); *accord Schopp v. Fora Fin. Holdings, LLC*, No. 4:16CV128, 2016 WL 878325, at *2 (E.D. Tex. Mar. 7, 2016) ("The fact that state and federal courts may have concurrent jurisdiction over his TCPA claims also does not divest the Court of federal question jurisdiction or preclude removal."), *rec. adopted*, 2016 WL 1572351 (E.D. Tex. Apr. 19, 2016).

Further, Wells Fargo established in its Notice of Removal – and Good does not contest – that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Good's state law claims because they "share a common nucleus of operative facts with his federal claims in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct relating to the foreclosure of the Property." Dkt. No. 1 at 5. And Good has not asserted – and there does not appear to be – any basis for the Court to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Accordingly, 28 U.S.C. § 1441(c) is not implicated here. *See* 28 U.S.C. § 1441(c) ("(1) If a civil action includes – (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B). (2) Upon removal of an action described in paragraph (1), the district court shall sever from the

action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.").

II. <u>Good has not shown that the Court should abstain from hearing his case.</u>

Good also relies on a decision from a judge in this district analyzing whether federal question jurisdiction existed where a plaintiff's pleadings set forth only state law claims. *See Leggette v. Washington Mutual Bank, FA*, No. 3:03-cv-2909-D, 2005 WL 2679699 (N.D. Tex. Oct. 19, 2005).

Good's reliance is misplaced where, unlike in that case, Good has pleaded a cause of action based on a violation of RESPA, a federal statute, under 12 U.S.C. § 2605. Subject-matter jurisdiction here does not depend on applying the rules that, "[w]hen a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if (1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law" and that "'federal courts have jurisdiction over a state law claim that necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," such that "a petition creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Allen v. Bank of America, N.A.*, 5 F. Supp. 3d 819, 828 (N.D. Tex. 2014) (citations and internal quotation marks omitted).

And Good's further argument that, "even if the Court has federal question jurisdiction over Good's RESPA claim, the Court can apply an abstention doctrine and decline to decide the instant lawsuit if doing so would clearly serve an important countervailing interest" also fails. Dkt. No. 12 at 5. According to Good, "[n]ot only do Texas state courts clearly have a significant countervailing interest in adjudicating disputes regarding real property, including the foreclosure and/or attempted foreclosure thereof, to abstain from exercising federal question jurisdiction would clearly serve that interest." *Id.*

But Good relies on the same line of cases discussed above involving whether to exercise federal question jurisdiction over a case alleging only state-law claims, which is not what the Court has before it here. *See id.* (quoting *Leggette*, 2005 WL 2679699, at \*3, \*4; *Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 617-18 (N.D. Tex. 2005)). The Court's federal question jurisdiction analysis here does not entail any of those considerations.

And, insofar as Good is separately seeking abstention, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Federal courts have a "virtually unflagging

obligation to exercise the jurisdiction given them," and "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 144 (5th Cir. 2010) (internal quotation marks omitted).

Good cites a decision by the United States Court of Appeals for the Seventh Circuit, *Barichello v. McDonald*, 98 F.3d 948, 954 (7th Cir. 1996), addressing *Younger* abstention. *See* Dkt. No. 12 at 5. But that abstention doctrine has no bearing here where, as the United States "Supreme Court emphasized recently, *Younger* abstention should be exercised only in three 'exceptional' circumstances: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," such as "a challenge to a state court's contempt order" or "a request to enjoin a state judgment, after a state jury had already rendered a verdict." *Boerschig v. Trans-Pecos Pipeline, L.L.C.*, 872 F.3d 701, 705 n.2 (5th Cir. 2017). And Good has not asserted that there is any pending or "'ongoing state judicial proceeding' fitting one of *Younger*'s three categories," as required to apply this abstention doctrine. *Google, Inc. v. Hood*, 822 F.3d 212, 223 (5th Cir. 2016).

To the extent that Good may be invoking so-called *Burford* abstention, abstaining under that doctrine "is appropriate under only two circumstances: (1) 'when a case involves 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the particular case at bar'"; and (2) 'when the exercise of federal jurisdiction over the question in the

-9-

case would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Lucas v. Ocwen Home Loan Servicing*, No. 3:13-cv-1057-G (BH), 2013 WL 6620856, at *8 (N.D. Tex. Dec. 16, 2013) (quoting *Klein v. Fed. Ins. Co.*, No. 7:03-cv-102-D, 2012 WL 2886679, at *3 (N.D. Tex. July 16, 2012) (citing *Barnhardt Marine Ins., Inc. v. New England Int'l Sur. of Am., Inc.*, 961 F.2d 529, 531 (5th Cir. 1992))). "To determine if *Burford* abstention applies, a court considers five factors: (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review." *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 272 (5th Cir. 2009) (citation omitted).

As other judges in this circuit have concluded in similar circumstances, here, even though most – but, again, not all – of Good's claims arise under state law, "the claims do not involve a novel or difficult question of state law," and "[c]ourts in this district routinely decide foreclosure cases involving claims such as" Good's. *Lucas*, 2013 WL 6620856, at *9. And Good "fails to identify any important state interest at stake for which 'a coherent policy' is necessary" and instead suggests generally that home foreclosure disputes are traditionally matters of state law handled by state courts. *Id.*; *see* Dkt. No. 12 at 5. Good's "case is not appropriate for an abstention because: (1) the case is not one involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in a particular case at bar; and (2) the exercise of federal jurisdiction over the question[s] in the case will

not disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Priester v. Long Beach Mortg. Co.*, No. 4:16-cv-449, 2017 WL 4354922, at *2 (E.D. Tex. Oct. 2, 2017).

"Because [Good] points to no exceptional factors justifying abstention, his motion to [remand] on this basis should also be denied." *Lucas*, 2013 WL 6620856, at *9; *see also Jeong v. Fed'l Nat'l Mortg. Ass'n*, No. A-14-CA-920-SS, 2014 WL 5808594, at *2 (W.D. Tex. Nov. 7, 2014) ("Further, the Court sees no reason under *Burford*, *Pullman*, or *Younger* to abstain from hearing this utterly garden-variety mortgage foreclosure action."); *Crear v. JP Morgan Chase Bank N.A.*, No. 10-10875, 2011 WL 1129574, at *3 (5thhCir. Mar. 28, 2011) ("This case involved well-settled principles of Texas state law. The mere fact that allegations were asserted under state law does not mean that the district court should have abstained. There were no complex regulatory matters that would be better addressed in a state forum. Rather, the district court could ably apply Texas law to the facts at hand. Further, the adjudication of Crear's case in federal court would not disrupt Texas's interests in developing a coherent consumer protection policy. Therefore, the district court did not abuse its discretion in failing to abstain from deciding Crear's claims.").

**Recommendation**

For the reasons explained above, the Court should deny Plaintiff Anthony Good's Motion to Remand [Dkt. No. 12] and determine that it has subject-matter jurisdiction over this removed action under 28 U.S.C. §§ 1331 & 1367.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

Dated: January 8, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE