IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ANTHONY GOOD, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2967-M-BN |
| | § | |
| PROF-2013-S3 LEGAL TITLE TRUST | § | |
| IV, BY U.S. BANK NATIONAL | § | |
| ASSOCIATION, AS LEGAL TITLE | § | |
| TRUSTEE; FAY SERVICING, LLC; | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION; ARIS COOK; and | § | |
| COUCH ENTERPRISES, LP; | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING IN PART, REJECTING IN PART AND
REMANDING IN PART THE FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, as well as both Plaintiff Anthony Good's and Defendants Fay Servicing ("Fay") and Prof-2013-S3 Legal Title Trust IV, by U.S. Bank, National Association, Trustee's ("Trustee") objections [*see* Dkt. Nos. 65 & 64], the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge [*see* Dkt. No. 63], dated January 28, 2019, are accepted in part and rejected in part. Specifically, this Court (1) denies Plaintiff's objection as to the alleged error in the Order's inclusion of the Real Estate Settlement Procedure Act ("RESPA") claim against Defendant Wells Fargo Bank, National Association; (2) denies Plaintiff's objection on the issue of 12 C.F.R. § 1024.41's effective date; (3) grants Plaintiff's objection based on 12 C.F.R. § 1024.41(i)

as applied to transferee servicers; (4) denies Defendants Fay and Trustee's objections; and (5) accepts the remaining parts of the FCR as to Defendants Fay and Trustee's Motion for Summary Judgment [Dkt. No. 32], Defendant Wells Fargo's Motion for Summary Judgment [Dkt. No. 48], and Defendant Wells Fargo's Motion to Strike Portions of Plaintiff's Summary Judgment Declaration [Dkt. No. 58].

Plaintiff made the following objections to the Magistrate Judge's conclusions: (1) because Plaintiff's RESPA claim against Wells Fargo was withdrawn, it was an error to include an analysis of it in the FCR; and (2) there are genuine issues of material fact as to Plaintiff's RESPA claim against Defendants Fay and Trustee.

As to the first objection, the Magistrate Judge's introductory paragraph outlined Plaintiff's various claims:

> This case turns on whether the foreclosure of Plaintiff's property violated the law. Plaintiff brings claims against Trustee, Fay, and Wells Fargo for (1) violating the Real Estate Settlement Procedure Act, (2) violating the Texas Debt Collection Acts, (3) wrongful foreclosure, and (4) negligent misrepresentation. See Dkt. 1, Ex. G, at 10-21. Plaintiff also brings claims against Couch Enterprises, LP for (1) quiet title and (2) trespass to try title. Finally, Plaintiff asserts that Cook is a necessary party to the suit.

Dkt. No. 63 at 2. While this paragraph could be read to indicate that the FCR analyzes Plaintiff's RESPA claim against Defendant Wells Fargo, the only RESPA claim included in the FCR is the "Real Estate Settlement Procedure Act Violation Claim Against Trustee and Fay." *Id.* at 13. The Magistrate Judge's awareness that Plaintiff "[withdrew] his RESPA claims against Defendant Wells Fargo" [Dkt. No. 53 at 15], seems evident from the Magistrate Judge's language and analysis only of the claim asserted against Defendants Fay and Trustee. Thus, this objection is denied.

Next, Plaintiff asserts that there are genuine issues of material fact as to Plaintiff's RESPA claim against Defendants Fay and Trustee. While this Court does not find merit in Plaintiff's argument about the "majority view" as to tallying the number of permissible loss mitigation applications under 12 C.F.R. § 1024.41, the Court sustains the objection as to a subsequent servicer's obligation to comply anew with 12 C.F.R. § 1024.41 requirements. This issue was addressed in *Benner v. Wells Fargo Bank, N.A.*:

> When the [Consumer Financial Protection Bureau ("CFPB")] adopted § 1024.41(i), it explained:
>
>> In the propos[ed rule], the Bureau stated that where servicing was transferred after the borrower received an evaluation on a complete loss mitigation application from the transferor servicer, the transferee servicer still may be required to comply with the requirements of proposed § 1024.41. The Bureau believes that when an investor or guarantor is transferring servicing to a new servicer, which may have been driven by an investor's or guarantor's determination that the new servicer can better achieve loss mitigation options with borrowers, borrowers should be able to renew an application for a loss mitigation option with the transferee servicer, subject to the applicable deadlines and requirements in proposed § 1024.41.
>
> Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696-01, 10836 (Feb. 14, 2013). The agency "finaliz[ed] the rule as proposed," *id.*, and adopted a set of official comments to clarify that:
>
>> A transferee servicer is required to comply with the requirements of § 1024.41 regardless of whether a borrower received an evaluation of a complete loss mitigation application from a transferor servicer. Documents and information transferred from a transferor servicer to a transferee servicer may constitute a loss mitigation application to the transferee servicer and may cause a

> transferee servicer to be required to comply with the requirements of § 1024.41 with respect to a borrower's mortgage loan account.

*Id*. at 10898 (codified as 12 C.F.R. Pt. 1024, Supp. I, cmt. 41(i)(1) (2014)). That is, the CFPB contemplated that transferee servicers would comply with § 1024.41 when evaluating a borrower's loss mitigation application regardless of whether the borrower already had received an evaluation of a complete loss mitigation application and regardless of whether the transferor servicer had been processing a loss mitigation application for that borrower.

The CFPB has not deviated from this approach. When it amended the language of § 1024.41(i) in October of 2016, the CFPB again emphasized that transferee servicers must comply with § 1024.41's requirements:

> Section 1024.41(i) provides that a servicer need not comply with § 1024.41 for a subsequent loss mitigation application from a borrower where certain conditions are met. *A transferee servicer and a transferor servicer, however, are not the same servicer*. Accordingly, a transferee servicer is required to comply with the applicable requirements of § 1024.41 upon receipt of a loss mitigation application from a borrower whose servicing the transferee servicer has obtained through a servicing transfer, even if the borrower previously received an evaluation of a complete loss mitigation application from the transferor servicer.

12 C.F.R. Pt. 1024, Supp. I, cmt. 41(i)(2) (2017) (emphasis added).

No. 2:16-CV-00467-NT, 2018 WL 1548683, at *8-*9 (D. Me. Mar. 29, 2018).

In the instant case, because Defendant Fay is a transferee servicer, it was "required to comply with the applicable requirements of § 1024.41 upon receipt of a loss mitigation application," notwithstanding the fact that Plaintiff submitted a loss mitigation application to the prior servicer. *Id*. For this reason, Plaintiff's objection is sustained as to whether there are genuine issues of material fact regarding Plaintiff's RESPA claim against Defendants Fay and Trustee.

As to Defendants Fay and Trustee's objections, the Magistrate Judge recommended that because Defendants did not address the "Suit to Set Aside Foreclosure Sale and Cancel Trustee's Deed" claim, the claim should survive Trustee and Fay's Motion for Summary Judgment. Dkt. No. 1-7, Ex. G at 19. Defendants argued that despite the fact that the suit to set aside was a header under Plaintiff's claims, that (1) this was only a remedy, not a claim; (2) because a suit to set aside claim and a wrongful foreclosure claim have the same elements, the elements of the former were addressed in the wrongful foreclosure analysis; and (3) Plaintiff failed to provide any evidence sufficient to establish legal grounds on this issue, so a trial would be a waste of judicial resources.

On review, the Court denies Defendants' objections for failure to "demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co*, 140 F.3d 622, 625 (5th Cir. 1998). Defendants contend that "Plaintiff failed to meet any of the elements to avoid summary judgment for the remedy to set aside a trustee's deed," Dkt. 64 at 4, but that ignores the fact that the moving party bears the burden. *See Lynch Props. Inc.*, 140 F.3d at 625. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

Defendants Fay and Trustee have not met their burden. And the Court is not obligated to, and will not, consider these new substantive arguments for summary judgment for the first time on objections to a FCR. *See McPeak-Torres v. Tex.*, Civ. A. No. G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) ("Because Defendants

are not entitled to raise arguments for the first time in their objections to the Magistrate Judge's Report and Recommendation that were not asserted in their Motion, these new arguments are not properly before the Court for consideration.") (citing cases); *accord Gilmour v. Intertek USA, Inc.*, Civ. A. No. 16-cv-266, 2018 WL 3055749, at *1 (S.D. Tex. June 20, 2018).

**IT IS, THEREFORE, ORDERED** that the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge dated January 28, 2019, are accepted in part and rejected in part. *See* Dkt. No. 63. Specifically, as explained above, the Court denies Plaintiff's objection as to an alleged error as to the RESPA claim against Wells Fargo; denies Plaintiff's objection on the issue of 12 C.F.R. § 1024.41's effective date; grants Plaintiff's objection based on 12 C.F.R. § 1024.41(i) as applied to transferee servicers; denies Defendants Fay and Trustee's objections; and accepts the remaining parts of the FCR as to Defendants Fay and Trustee's Motion for Summary Judgment [Dkt. No. 32]; Defendant Wells Fargo's Motion for Summary Judgment [Dkt. No. 48]; and Defendant Wells Fargo's Motion to Strike Portions of Plaintiff's Summary Judgment Declaration [Dkt. No. 58], each of which is hereby statistically terminated. Finally, because the Magistrate Judge's FCR did not reach or analyze Defendants Fay and Trustee's remaining arguments as to the RESPA claim against them, the Court remands the limited matter of addressing those arguments raised in the existing briefing on Defendants Fay and Trustee's Motion for Summary Judgment [Dkt. No. 32] to the Magistrate Judge for further recommendation.

**SO ORDERED** this 15th day of March, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE